**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISHAN WAHI,<br><br>  Petitioner,<br><br>v.<br><br>YOLANDA PITTMAN, et al.,<br><br>  Respondents. | Civil Action No. 24-10314 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the habeas petition filed by Petitioner Ishan Wahi pursuant to 28 U.S.C. § 2241 (ECF No. 1), and Petitioner's motion seeking an order to show cause (ECF No. 3). As Petitioner has paid the filing fee, this Court is required by Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice. Because Petitioner's habeas petition shall be dismissed without prejudice, Petitioner's motion seeking an order to show cause (ECF No. 3) shall in turn be denied.

**I.   BACKGROUND**

Petitioner is a native and citizen of India who entered the United States on a student visa in 2022. (ECF No. 1 at 2-3.) In February 2023, Petitioner pled guilty to two counts of conspiracy to commit wire fraud, and was sentenced to two years imprisonment in May 2023. (*Id.* at 4.)

Petitioner was ultimately released from BOP custody on September 27, 2024. (*Id.* at 5.) Immigration officials took him into custody on the same day. (*Id.*) Petitioner has remained in immigration detention since that time. (*Id.* at 5-6.) Petitioner now seeks to challenge the detention, arguing that his detention has become so prolonged that continued detention under 8 U.S.C. § 1226(c) without a bond hearing amounts to a denial of Due Process. (*Id.*) Petitioner also seeks to use this habeas matter to litigate: (1) whether his underlying convictions are sufficient to warrant mandatory detention under § 1226(c); and (2) immigration officials' refusal to transport him to the Elizabeth City Hall to obtain a marriage license so he can marry his fiancé after the Government granted him permission to marry her while detained. (*Id.* at 7-8.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), a federal court has jurisdiction over a habeas petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.   DISCUSSION

In his habeas petition, Petitioner seeks to: (1) challenge his continued detention without bond; (2) argue that his underlying conviction does not support his being subjected to mandatory detention under § 1226(c); and (3) raise a claim related to his inability to acquire a marriage license sufficient to marry his fiancé.

2

Turning first to Petitioner's challenge as to whether he should be subject to § 1226(c) detention, Petitioner argues that his underlying criminal charge, conspiracy to commit wire fraud, is not a crime involving moral turpitude sufficient to warrant mandatory detention under § 1226(c). Under 8 U.S.C. § 1226(c), aliens convicted of certain criminal offenses are subject to mandatory detention during the pendency of their removal proceedings. Aliens who have been convicted of crimes involving moral turpitude are only one of the groups subject to the statute. Aliens convicted of aggravated felonies are also subject to mandatory detention under § 1226(c). *See Ojo v. Warden Elizabeth Detention Ctr.*, 808 F. App'x 61, 64 (3d Cir. 2020).

As the Third Circuit explained in *Ojo*, a conviction for conspiracy to commit wire fraud resulting in a loss amount of greater than $10,000 is an aggravated felony sufficient to warrant mandatory detention under the statute. *Id.* Petitioner's removal charges in his immigration proceedings expressly charge that he was convicted of conspiracy to commit wire fraud, was subject to a sentence of more than a year, had a loss amount greater than $10,000,[1] and that he thus has been convicted of an aggravated felony warranting removal. (*See* ECF No. 1-1 at 27-28.) The Government has the authority to detain aliens under the statute so long as the Government has "reason to believe" they have committed a covered crime. *See Ojo*, 808 F. App'x at 64 (noting that the Government requires only reason to believe a covered crime was committed to support detention and "[w]hether [a] conviction constitutes an aggravated felony 'as a definitive legal matter' is irrelevant for purposes of" § 1226(c)). Here, it appears that the Government at least has reason to believe that Petitioner committed an aggravated felony regardless of whether Petitioner's conspiracy charge constitutes a crime of moral turpitude. Petitioner's statutory authority

---

[1] The insider trading on which Petitioner's conspiracy to commit wire fraud count was based involved ill gotten gains of between $550,000 and 1.5 million dollars. (*See* ECF No. 1 at 41.) It thus appears that the Government's belief that Petitioner's case involves a loss amount of greater than $10,000 has a significant basis in the facts of Petitioner's criminal case.

3

argument, therefore, is at best a red herring. Petitioner is subject to detention under § 1226(c) regardless of whether his crime is a crime of moral turpitude as the Government has sufficient reason to believe that his crime constitutes an aggravated felony. The immigration judge appears to have also reached this conclusion in finding Petitioner subject to detention under the statute. The Government has the authority to detain Petitioner under the statute, and Petitioner's challenge to his mandatory detention on that basis is without merit.

Petitioner next challenges his ongoing detention without bond, arguing that his detention has become unconstitutionally prolonged. Because Petitioner is, as discussed above, subject to mandatory detention under § 1226(c), the legality of his ongoing detention is controlled by the Third Circuit's decision in *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 209 (3d Cir. 2020). In *German Santos*, the Third Circuit reaffirmed that detention without a bond hearing under § 1226(c) can amount to an unconstitutional application of the statute where the alien's detention becomes so prolonged as to be arbitrary. *Id.* In determining whether detention has become unconstitutionally prolonged, *German Santos* instructs courts to look to several factors: the length of detention and the likelihood that detention will continue for a considerable length of time; the cause for any delays in the underlying immigration proceedings; and whether the conditions under which the petitioner is confined are "meaningfully different from [punitive] criminal detention." *Id.* at 210-11. The most important factor in this analysis is the length of detention. *Id.* While the Third Circuit rejected a bright line rule as to how long detention must be before it becomes unreasonable, the Third Circuit has held in related cases that detention will in the ordinary case not become unreasonable until detention has crested "six months or more." *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.4th 321, 333 (3d Cir. 2021); *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F. 3d 469, 478 (3d Cir. 2015) (detention becomes unreasonable between six months and a year), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct.

4

830 (2018); *see also Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018) (finding that detention of over a year was not arbitrary or an unconstitutional application of § 1226(c)).

In this matter, Petitioner has been in immigration detention for just over three months, and Petitioner has not provided good reason to believe that his immigration proceedings will be unduly prolonged at this time.[2] Petitioner has similarly not shown that there has been any undue delay on the Government's part, nor has he shown that his current conditions of confinement in the private contract facility in which he is detained are unduly punitive or otherwise quasi-criminal in nature. Given the short duration of Petitioner's current period of confinement, and the lack of a clear basis to conclude that his removal proceedings will be overly prolonged or that the nature of his confinement is overly punitive in light of its civil nature, Petitioner has failed to present a plausible basis for relief under *German Santos* and its progeny. Petitioner's challenge to his ongoing detention without bond is therefore dismissed without prejudice to Petitioner filing a new petition should his detention continue for a prolonged period of time.

In his final claim, Petitioner asserts that the Government is infringing his right to marry because, while immigration officials have granted him permission to marry his fiancé in the Elizabeth facility, they will not transport him to the local city hall to obtain a necessary marriage license. While detained individuals retain the constitutional right to marry, that right is subject to reasonable restrictions related to the Government's legitimate detention-related interests. *See, e.g., Davis v. Samuels*, 962 F.3d 105, 111 n.3 (3d Cir. 2020). The proper legal context for raising a

---

[2] Petitioner's argument on this point asserts that he has been in immigration custody for "effectively" over a year and will continue while he seeks relief from removal. Petitioner's immigration custody, however, has barely exceeded three months. Petitioner's assertion of a longer period of detention rests on his bald assertion that he can incorporate portions of his criminal detention under his prior conviction into his calculation because he was unable to secure earlier release because of an immigration detainer. The period of detention prior to September 27, 2024, however, was entirely authorized by and carried out because of Petitioner's criminal conviction, and is not a part of the analysis mandated by *German Santos*.

claim related to Government interference with this right during a period of legal detention, however, is not abundantly clear. *Id.* at 12-13 (noting the potential availability of injunctive relief in a civil rights proceeding or action brought pursuant to the Religious Freedom Restoration Act). Generally, however, a claim which seeks to vindicate a detainee's civil rights that does not necessarily impact the fact or length of a detainee's detention may not be brought in a habeas proceeding. *See, e.g.*, *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323-25 (3d Cir. 2020); *see also Leamer v. Fauver*, 288 F.3d 532, 540-42 (3d Cir. 2002) (only civil rights challenges that attack the "core of habeas – the validity of the . . . fact or length of [detention]" may be brought in a habeas proceeding).

Although Petitioner asserts that the Government is impugning his ability to marry, he only alleges that he has been unable to go to a local office to obtain a marriage license. The documents Petitioner provides, however, clearly indicate that the Government has expressly granted Petitioner permission to marry his fiancé in the facility in which he is detained. Likewise, although the Government has stated that it "shall not participate" in making arrangements for the wedding, it has granted Petitioner permission to "make marriage arrangements" which "include, but are not limited to . . . obtaining a marriage license." (*See* ECF No. 1-1 at 36.) It thus appears that it is not the Government, but instead local officials, who are standing in the way of Petitioner's ability to marry.

In any event, even were the Court to construe the Government rather than Elizabeth officials as responsible for any bar to marriage, it is clear that Petitioner's marriage claim does not go to the core of habeas relief because it does not challenge the fact or length of Petitioner's detention. Petitioner's detention would remain lawful and statutorily mandated whether or not he marries his fiancé. At most, Petitioner may have a basis for requesting an order mandating that the Government transport Petitioner to acquire the license, but that is a form of relief which

Petitioner may readily pursue through a civil rights proceeding or other civil suit. Because Petitioner's marriage claim does not go to the core of habeas and may be freely raised in a civil rights or similar suit, this Court lacks jurisdiction to consider the claim in this habeas matter. Consequently, Petitioner's marriage claim must be dismissed without prejudice at this time. *Hope*, 972 F.3d at 323-25; *Leamer*, 288 F.3d at 540-42. Petitioner is free to refile his marriage claim as a separate civil rights matter. As all of Petitioner's habeas claims shall be dismissed without prejudice at this time, Petitioner's motion seeking an order to show cause (ECF No. 3) shall in turn be denied.

IV.   **CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. Petitioner's motion seeking an order to show cause is in turn **DENIED**. An order consistent with this Opinion will be entered.

*[signature]*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE