**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISHAN WAHI,<br><br>  Petitioner,<br><br>v.<br><br>YOLANDA PITTMAN, et al.,<br><br>  Respondents. | Civil Action No. 24-10314 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

  This matter comes before the Court on Petitioner's motion for reconsideration (ECF Nos. 11, 14) of the denial of his habeas petition (ECF Nos. 5-6), filed pursuant to Federal Rule of Civil Procedure 59(e). The Government filed a response to the motion (ECF No. 14), to which Petitioner replied (ECF Nos. 15-17).

  The scope of a motion for reconsideration of a final judgment brought pursuant to Rule 59(e) is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)). In this context, manifest injustice "generally . . . means that the Court

overlooked some dispositive factual or legal matter that was presented to it," or that a "direct, obvious, and observable" error occurred. *See Brown v. Zickefoose*, No. 11-3330, 2011 WL 5007829, at *2, n.3 (D.N.J. 2011).

In his motion for reconsideration, Petitioner essentially renews his claim that this Court should grant him a bond hearing because he believes his mandatory detention pursuant to 8 U.S.C. § 1226(c) is already unduly prolonged, and is likely to continue for a considerable period as there is currently a backlog in the processing of certain forms of immigration relief. (*See* ECF Nos. 11, 14.) As this Court previously explained, Petitioner has only been in immigration custody since September 27, 2024. (ECF No. 1 at 5.) At the time he filed the petition, Petitioner had been detained for less than two months, and at the time this Court dismissed his habeas petition, he had been detained in a private immigration facility for just over three months. Even now, Petitioner has been detained for just over five months – a period of mandatory detention the Supreme Court has previously expressly upheld as constitutionally firm. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *see also Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018) (detention under § 1226(c) will usually not become suspect until beyond the six-month time period discussed in *Demore*).

Despite the arguments presented in Petitioner's motion and supporting filings, Petitioner has not shown that this Court committed a clear error of fact or law in ruling that he had not shown that his mandatory detention had become so prolonged as to amount to an unconstitutional application of § 1226(c). Petitioner's current detention has not yet crested six months, has been entirely in a non-jail private detention center[1], and Petitioner's immigration proceedings appear to

---

[1] The Court does not discount that the private detention center is almost certainly not a comfortable setting for Petitioner as Petitioner argues, but the relevant question in this matter is whether it is truly akin to punitive detention – and Petitioner has not shown that it is so punitive as to accelerate the time period necessary for his detention to become unduly prolonged.

2

be proceeding apace. In light of these facts, and the extremely short amount of time Petitioner had been in detention at the time this Court dismissed his petition at screening, Petitioner cannot show that this Court committed a clear error in finding his petition at best premature. *See German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 209 (3d Cir. 2020) (bond hearing only warranted where a petitioner can show his detention has become so prolonged as to violate Due Process after consideration of the time in detention, conditions of detention, and related factors). *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.4th 321, 333 (3d Cir. 2021); *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F. 3d 469, 478 (3d Cir. 2015) (detention becomes unreasonable between six months and a year), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). Petitioner's motion for reconsideration is therefore denied. To the extent Petitioner seeks to present new arguments or to assert that his detention has now become prolonged in light of developments following the dismissal of his petition, the proper procedure would be to file a new habeas petition.

**IT IS THEREFORE** on this 17th day of March, 2025, **ORDERED** that:

1. The Clerk of the Court shall re-open this matter for the purposes of this Order only;
2. Petitioner's Rule 59(e) reconsideration motion (ECF No. 11) is **DENIED**; and
3. The Clerk of the Court shall serve a copy of this Order upon the parties electronically, and shall **CLOSE** the file.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE